## STATE TAX CASES.

TAX. *On litigation. Surety on appeal bond, not liable.* A surety on a prosecution or appeal bond, against whom, with his principal as the unsuccessful party, this court has adjudged the costs of the cause, is not liable for the State tax on the litigation.

MOTION BY STATE.

ATTORNEY-GENERAL LEA for the State.

COOPER, J., delivered the opinion of the court.

The question raised by the motion in these cases

is whether a surety on a prosecution or appeal bond against whom, with his principal as the unsuccessful party, this court has adjudged the costs of the cause, is liable for the State tax on litigation, the bond being conditioned for the payment of costs, or damages and costs, or debt, damages and costs.

In *State* v. *Nance*, 1 Lea, 644, the question wa raised whether the successful party in a lawsuit could be made to pay the State tax on the suit in the event it could not be made out of the unsuccessful party. The contention was made under the Code, sec. 3204: "All costs accrued at the instance of the successful party, which cannot be collected out of the other party, may be recovered, on motion by the persons entitled to them, against the successful party." The question turned upon whether the State tax was costs. It was held that costs were the expenses incident to the conduct of a suit either in its prosecution or defense, and such disbursements as are allowed by law as fees to witnesses and officers of court. It was further held that the State tax on litigation was a "specific tax" on the "unsuccessful" party to the litigation, imposed for revenue, and no part of the necessary expenses incident to the suit. It followed necessarily that the tax could not be collected from the successful party under the provision cited.

In accord with the reasoning and conclusion of the foregoing case, it was held in the *State* v. *Hartman*, 5 Lea, 118, that where a judgment of *nol pros* was entered in a criminal prosecution upon the terms

that the defendant should pay all the "costs of the cause," that the defendant was not liable for the State and county tax, because not costs in the cause. The law as thus settled is recognized in *Elliston v. Winstead*, 10 Lea, 472, and *Galbreath* v. *Gaines*, 10 Lea, 573. The case of *State* v. *Cole*, 6 Lea, 492, only decides that the party against whom the costs are adjudged in an *ex parte* application for dower is the unsuccessful party within the meaning of the tax-law. And *State v. Stanley*. 3 Lea, 524, only holds that the State tax is first payable out of the money collected from the unsuccessful party by execution for the State tax and costs. All the recent revenue acts still levy the tax as a specific tax, and not as costs.

The surety for the costs of the cause is therefore not liable for the tax on the litigation.